

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-22-2008

# Martin v. Lakewood Pol Dept

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4542

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Martin v. Lakewood Pol Dept" (2008). *2008 Decisions.* Paper 1540.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1540

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-130                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4542
_____

HENRY G. MARTIN, JR.,
Appellant,

v.

LAKEWOOD POLICE DEPARTMENT; CHARLIE CUNLIFFE, COMMISSIONER
LAKEWOOD POLICE DEPARTMENT INDIVIDUALLY AND OFFICIAL
CAPACITY AND MAYOR OF TOWNSHIP OF LAKEWOOD; WAYNE R. YHOST,
DIRECTOR OF PUBLIC SAFETY; RICHARD DOE AND JOHN DOE UNKNOWN
POLICE OFFICER FOR THE TOWNSHIP OF LAKEWOOD NEW JERSEY; LEROY
MARSHALL, INDIVIDUAL AND OFFICIAL CAPACITY; HARRY
VAN DEZILVER, POLICE OFFICER INDIVIDUAL AND OFFICIAL CAPACITY;
GUILLERMO CLARKE, POLICE OFFICER INDIVIDUAL AND OFFICIAL
CAPACITY; FELIX RIVERIA, OFFICER INDIVIDUAL AND OFFICIAL
CAPACITY; PINE BELT CHEVY INCORPORATED; DAVID KIDD, MANAGER

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 05-cv-2593)
District Judge:  Honorable Garrett E. Brown, Jr.

_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 14, 2008

Before:  SLOVITER, FISHER and HARDIMAN, Circuit Judges.

(Filed: February 22, 2008 )

_____

OPINION

_____

PER CURIAM

Appellant, Henry G. Martin, Jr., appeals from two District Court orders: the first granting summary judgment in favor of Defendants Pine Belt Chevy Inc. ("Pine Belt") and David Kidd, the manager of Pine Belt ("Kidd"); the second granting summary judgment in favor of Defendants Lakewood Police Department, Lakewood Police Department Commissioner Charlie Cunliffe, Lakewood Director of Public Safety Wayne R. Yhost, Lakewood Police Department Officers Guillermo Clarke, Leroy Marshall, Felix Riveria, and Harry Van Dezilver (collectively "the Municipal Defendants").

## I. Background

On July 2, 2004, Martin was driving his vehicle in the vicinity of Martin Luther King Blvd. in Lakewood, New Jersey. Officers Leroy Marshall and Felix Riveria (the "officers") were patrolling the area in plainclothes and in an unmarked car when they first noticed Martin's car. The second time they noticed, Martin's car was parked in front of an area well known for drug activity and a person was leaning into the window, which Martin does not deny. Acting on what appeared to the officers to be a potential drug transaction, they began to follow Martin.

The officers claim, and Martin does not deny, that Martin failed to make the appropriate traffic signal three times while they were following his vehicle. When Martin

2

arrived at home, he decided to move his vehicle from his private parking space to side parking. After placing his car in reverse he collided with the unmarked police car, striking the front of the officers' vehicle. Whether the officers hit Martin's parked car, or whether Martin hit the officers' unmarked car while backing up, is disputed. Officer Guillermo Clark responded to the scene, completed an accident report and issued a summons to Martin for careless driving based on Martin's admission that he was distracted and backed his vehicle into the vehicle operated by Officer Marshall. The officers issued Martin three traffic summonses for failure to give a proper signal and one summons for careless driving. All of the summonses were dismissed by the Lakewood municipal court after Officers Marshall and Riveria failed to appear at the hearing.

Martin filed a complaint alleging constitutional violations under 42 U.S.C. §§ 1983, 1985(3), 1986 and 1988. He alleges that the officers involved in the incident engaged in racial profiling, filed a false accident report and issued groundless traffic citations, violating his right to equal protection under the Fourteenth Amendment. He further alleges that the collision amounted to an illegal seizure, violating his Fourth Amendment rights. The District Court granted the municipal Defendants' motion on June 8, 2007. Martin also appeals from the District Court's December 7, 2006 order granting summary judgment in favor of Defendants Pine Belt and Kidd. Martin filed a timely notice of appeal.

## II.  Discussion

### A.      Defendants Pine Belt and Kidd

Martin's claims against Pine Belt and Kidd are based on the vehicle loan agreement between Pine Belt and the Lakewood Police Department set forth in a contract dated April 5, 1989 (the "Contract").  Martin alleges that Pine Belt loaned the vehicles to the Department, including the unmarked vehicle used during the events at issue, knowing that the police were "performing unreasonable, arbitrary and capacious [sic] stops based on race in the black community," and that Kidd allowed the Lakewood Police Department to borrow and use unregistered motor vehicles.  (Compl. ¶¶ 13-14.)

The District Court granted summary judgment in favor of Pine Belt and Kidd because neither acted "under color of state law."  "Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States."  Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (quotations omitted) (citing Maine v. Thiboutot, 448 U.S. 1, 4 (1980)).  "Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions."  Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970)).  However, such private persons must prove that they were "willful participant[s] in joint action with the State or its agents."  Id. at 27; see also Adickes, 398 U.S. at 152 (plaintiff entitled to relief under 1983 against private party if she can prove that private

4

party and police officer "reached an understanding" to cause her arrest on impermissible grounds).  The "inquiry must be whether there is a sufficiently close nexus between the state and the challenged action of the . . . entity so that the action of the latter may be fairly treated as that of the State itself."  Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974).  A plaintiff can establish such a nexus by alleging and proving the elements of a civil conspiracy between a state and private actor to violate an individual's rights.  Melo v. Hafer, 912 F.2d 628, 638 n.11 (3d Cir. 1990) (citing Adickes, 398 U.S. at 152).  Martin fails to provide either direct or circumstantial evidence of such a conspiracy.

Martin contends that the joint participation or "nexus" requirement is met because Pine Belt loans vehicles to the Municipal Defendants with "full knowledge" that they are violating the Constitution by engaging in racial profiling.  He alleges that the contract between the Municipal Defendants and Pine Belt constitutes evidence of a conspiracy or "formal arrangement" to engage in a "joint action plan . . . to allow unregistered vehicles to be used by undercover police officer [sic] in law enforcement."  (Pl's Opp'n at ¶ 9.)  He further claims that the indemnification provision in the contract is evidence of Pine Belt's knowledge that they might be implicated in a lawsuit against the Municipal Defendants.[1]  Martin also submits that Pine Belt and the Municipal Defendants are

---

[1]Paragraph 10 of the Contract provides that "[t]he Township shall indemnify, save and hold harmless, Pine Bel [sic] Chevrolet, Co., Inc., from any and all claims, judgments or expenses including counsel fees, arising from the usuage [sic] of all vehicles whic [sic] are the subject of this Agreement."  (Def's Motion, Exh. A, ¶ 10.)

represented by the same counsel and must therefore be considered "intertwined" for purposes of finding state action.

Viewing the underlying facts in the light most favorable to Martin, and drawing all reasonable inferences in his favor, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), we cannot conclude that a triable issue of fact exists with regard to Pine Belt or Kidd's willful participation in the alleged wrongful conduct. There is simply no evidence of a contractual or other agreement to involve Pine Belt or Kidd in any law enforcement decisions with regard to the undercover activities of the Municipal Defendants. The contract at issue is limited entirely to the leasing arrangement. Martin has presented no evidence that Pine Belt or Kidd had any knowledge of the day-to-day law enforcement operations of the Lakewood Police Department, much less any participation with their alleged profiling activities.

## B. The Municipal Defendants

The District Court granted summary judgment in favor of the Municipal Defendants under three separate theories. First, summary judgment was granted to Defendant officers Clarke, Marshall, Riveria, and Van Dezilver because the Court concluded they were entitled to qualified immunity. When examining whether officers are entitled to qualified immunity, we first determine whether the conduct alleged by the plaintiff violated a constitutional right. Scott v. Harris, 127 S. Ct. 1769, 1774 (2007); see also Showers v. Spangler, 182 F.3d 165, 172 (3d Cir. 1999). If so, the second step is to

6

determine whether the unlawfulness of the action would have been apparent to an objectively reasonable official. Showers, 182 F.3d at 172. An officer's subjective intent in carrying out the challenged action is immaterial to a qualified immunity analysis. Instead, "whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." Anderson v. Creighton, 483 U.S. 635, 639 (1987) (citation omitted); see also Berg v. County of Allegheny, 219 F.3d 261, 272 (3d Cir. 2000).

Here, Officers Riveria and Marshall noticed Martin's car twice, the second time parked in an area known for drug activity. They observed a person leaning into the window of his vehicle. Suspecting drug activity they began to follow Martin. While following him, the officers observed Martin failing to signal when making multiple turns. They did not issue Martin a traffic summons until after the collision between the unmarked police vehicle and Martin's vehicle had occurred.

We agree with the District Court that Martin's assertions that Defendants caused the accident and filed a false report to deprive him of his constitutional rights are bare allegations of malice that are not sufficient to defeat immunity because the Defendants acted in an objectively reasonable manner by filing an accident report and issuing Martin four traffic summonses. See id. The officers followed Martin based on their reasonable

suspicion that drug activity had taken place, and continued to follow him after he had committed what a reasonable officer would believe were multiple traffic violations. Even if the officers issued the citations to Martin for improper motives, such evidence is "simply irrelevant" to a qualified immunity defense. Id. (subjective intent is not relevant to a qualified immunity analysis). Nor does the evidence support Martin's allegation that the officers purposely hit his car. Martin admits in his complaint that he placed his car in reverse and that he asked the officers why they did not blow their horn when they saw him backing up. (Compl. at ¶¶ 28, 29.) Because we do not find that the officers violated Martin's constitutional rights by following him upon their reasonable suspicion of drug activity, their involvement in the collision or in the issuance of an accident report and traffic summonses, we need not proceed to the second step of the qualified immunity analysis. Scott v. Harris, 127 S. Ct. 1769, 1774 (2007) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)).

The District Court also correctly concluded that Defendant Lakewood Police Department was entitled to summary judgment because Martin's theory of respondeat superior was flawed. "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978). Pursuant to Monell, Martin could only assert a claim under § 1983 against the police department if the alleged constitutional violation involved a policy

8

officially adopted by the department or where, although not officially adopted, the violation arose from the local government's "custom." Id. at 690-91; see also Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996). Martin has not proffered evidence of either an official policy or an unofficial custom. Indeed, Martin's evidence includes Lakewood Police Department's official policy prohibiting discriminatory profiling.[2] Viewing the evidence in the light most favorable to Martin, he failed to present evidence that racial profiling was either a policy or "custom" of the Lakewood Police Department and therefore summary judgment in favor of the Lakewood Police Department is proper.

Finally, we agree with the District Court that summary judgment is proper as to Defendants Cunliffe and Yhost's alleged encouragement of racial profiling because Martin has failed to raise any genuine issue of material fact that the Lakewood Police Department operated under any official policy or custom of racial profiling. Monell, 436 U.S. at 691.

We will summarily affirm the judgment of the District Court.

---

[2]The Department's official policy prohibits "[t]he detention, interdiction or other disparate treatment of an individual solely on the basis of their race, ethnicity, age, gender or sexual orientation." See Pl's Opp'n Exh. "Lakewood Police Policy."